# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50621
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GALO ARTURO SOLORZANO-MAQUILON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-1507

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Galo Arturo Solorzano-Maquilon appeals his 27-month above-guidelines sentence for illegal reentry following removal, asserting that his sentence is substantively unreasonable because it is greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a). In particular, Solorzano-Maquilon contends that the district court disregarded the guidelines range of 15 to 21 months in fashioning his sentence. He further disagrees with the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50621

court's balancing of the § 3553(a) sentencing factors.  Our highly deferential review of the district court's sentencing decision is limited to determining whether Solorzano-Maquilon's above-guidelines sentence is reasonable.  *See Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010).  We will not presume that a sentence is unreasonable merely because it falls outside the advisory guidelines range.  *Gall*, 552 U.S. at 51.

The sentencing transcript reflects that the district court expressly considered the § 3553(a) factors—including the circumstances of the instant offense, Solorzano-Maquilon's personal and criminal history, and the interests of public safety and deterrence—in light of the facts of the case and that, contrary to his assertion, the court utilized the Guidelines as "the starting point and the initial benchmark" for its sentencing decision.  *Gall*, 552 U.S. at 49.  To the extent the district court elected to vary upwards from the guidelines range, its reasons for doing so were expressly grounded in the § 3553(a) factors. To that end, Solorzano-Maquilon fails to show that the district court's sentencing decision did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or represented a clear error of judgment in balancing the § 3553(a) factors.  *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Solorzano-Maquilon's argument otherwise amounts merely to a disagreement with the district court's balancing of the sentencing factors. However, we will not second-guess the reasonable findings of the district court, which "is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013) (internal quotation marks and citation omitted); *see Gall*, 552 U.S. at 51.

2

No. 15-50621

On the record before us, Solorzano-Maquilon fails to show that the district court abused its broad discretion in imposing a 27-month above-guidelines sentence following his guilty plea to illegal reentry. *See Gall*, 552 U.S. at 51; *Key*, 599 F.3d at 475. Accordingly, the judgment of the district court is AFFIRMED.